**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Total Seal, Inc., an Arizona Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Performance Motorsports, Inc., a California corporation dba PMI Performance Motorsports, PMI and JE Pistons; JE Pistons, Inc., a corporation; John Does I-X; Jane Does I-X; XYZ Companies I-X,<br><br>Defendants. | No. CV-08-1832-PHX-FJM<br><br>**ORDER** |

Total Seal, Inc. brings this action against Performance Motorsports, Inc., d/b/a PMI Performance Motorsports, PMI and JE Pistons ("PMI")[1] for patent infringement. We have before us defendant's motion to dismiss or in the alternative transfer to the Central District of California (doc. 21), plaintiff's response (doc. 29), and defendant's reply (doc. 31).

**I**

Plaintiff, an Arizona corporation, manufactures and sells high performance piston rings. Plaintiff is a licensee of United States Patent Nos. 7,207,870 and 7,267,602, which

---

[1] Plaintiff brings this action against Performance Motorsports, Inc. and JE Pistons, Inc. as separate legal entities, but defendant claims that JE Pistons, Inc. is an operating name of Performance Motorsports, Inc. only. Motion to Dismiss, Ex. A ¶ 4. Any reference to "PMI" or "defendant" in this order encompasses all named defendants.

claim a lapping machine apparatus and a method of operating the apparatus. The lapping machine is used to manufacture lapped piston rings and similar seal assemblies.

Defendant, a California corporation with a principal place of business in Huntington Beach, California, also manufactures and sells high performance engine-related components, including high performance piston rings. Defendant owns a lapping machine, which it uses exclusively at its Huntington Beach location. Plaintiff brings this action against defendant for infringement of the '870 and '602 patents based on defendant's alleged use of this machine to manufacture lapped piston rings. Defendant moves to dismiss under Rule 12(b)(1), (2), (3), and (7), Fed. R. Civ. P., for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to join a party under Rule 19, Fed. R. Civ. P. In the alternative, defendant moves to join the patent owners and transfer this case to the Central District of California under 28 U.S.C. § 1406.

## II

Because we find it dispositive, we begin by addressing whether we have personal jurisdiction over defendant. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 588, 119 S. Ct. 1563, 1572 (1999). Personal jurisdiction is proper if: (1) Arizona's long-arm statute permits service of process; and (2) the assertion of personal jurisdiction would not violate due process. Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1359 (Fed. Cir. 2001).[2] Arizona's long-arm statute permits the exercise of personal jurisdiction "to the maximum extent permitted by the Constitution of this state and the Constitution of the United States." Ariz. R. Civ. P. 4.2(a). Therefore, the resolution of personal jurisdiction in this case turns on due process.

Due process requires that a nonresident defendant have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct.

---

[2]To determine a question of personal jurisdiction in a patent infringement action, we apply the law of the United States Court of Appeals for the Federal Circuit. See Elecs. for Imaging, Inc. v. Coyle, 340 F.3d 1344, 1348 (Fed. Cir. 2003).

154, 158 (1945) (quotation omitted). Depending upon the nature and extent of the contacts, a court may exercise either "general" jurisdiction, jurisdiction over a nonresident defendant for any cause of action, or "specific" jurisdiction, jurisdiction over actions "arising out of or related to" defendant's contacts with the forum state. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414-15 nn. 8-9, 104 S. Ct. 1868, 1872 (1984).

Plaintiff concedes that we do not have general jurisdiction over defendant, but argues that specific jurisdiction exists here. Specific jurisdiction exists if, "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." Avocent Huntsville Corp. v. Aten Int'l Co., 552 F.3d 1324, 1332 (Fed. Cir. 2008). To survive a motion to dismiss, plaintiff must make a prima facie showing as to the first two prongs of the test. Id.; Elecs., 340 F.3d at 1349. Defendant argues that plaintiff has not met this burden because plaintiff has failed to make a prima facie showing as to the second prong. We agree.

We may exercise specific jurisdiction only if plaintiff's cause of action arises out of or is directly related to defendant's activities in Arizona. "[T]he test is whether the activity in the forum state is a basis for the cause of action." HollyAnne Corp. v. TFT, Inc., 199 F.3d 1304, 1308 n.4 (Fed. Cir. 1999). Here, plaintiff brings an action for patent infringement, which occurs when a party "without authority makes, uses, offers to sell or sells any patented invention." 35 U.S.C. § 271(a). Plaintiff alleges that defendant has "manufactured and sold, and unless restrained will continue to manufacture and sell, high-performance piston rings . . . the manufacture of which is accomplished through the use of processes and methods covered by the ['870 and '602 patents]" Complaint ¶ 11. Because the patents cover "the process and methods" for manufacturing high performance piston rings, they are infringed by the manufacture, sale, or use of those processes and methods. See Dolly, Inc. v. Spalding & Evenflo Cos., 16 F.3d 394, 397 (Fed. Cir. 1994). Defendant's only allegedly infringing machine is located and operated in Huntington Beach, California, and defendant does not make, sell, or use any lapping machines in Arizona.

1    Nonetheless, plaintiff contends that this action arises out of or relates to defendant's alleged sale of lapped piston rings in Arizona. Even if we assume that the sale of lapped piston rings in Arizona could constitute an infringing act, plaintiff has not shown that any such sales occurred. Defendant denies that it sold lapped piston rings in Arizona. The only direct showing that plaintiff has made to refute this denial is an invoice from March 12, 2009. Response, Ex. B  This sale, however, cannot support personal jurisdiction in this action because it occurred after the complaint was filed in October 2008. See Farmers Ins. Exch. V. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 913 (9th Cir. 1990); Steel v. U.S., 813 F.2d 1545, 1549 (9th Cir. 1987).

Plaintiff has also submitted the declaration of Ed Urcis, a former PMI salesperson, to establish that defendant sold piston rings in Arizona. Urcis states that he "sold various products to individuals and corporations located in the State of Arizona." Response, Ex. A  General sales are not, however, related to the issue of specific jurisdiction. Defendant does not deny that it sells various products in Arizona, but denies that it sells the piston rings that plaintiff claims to be at issue. Urcis's statement does not refute defendant's denial and is not relevant to the question of specific jurisdiction.

Finally, plaintiff relies on defendant's alleged sale of piston rings to national racing teams, whose racing circuit includes Phoenix, to show minimum contacts with Arizona. A defendant does not purposefully conduct business within a state if contact is through the "unilateral activity of another party or a third person." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183 (1985) (quotation omitted). Sales to a national team, which may or may not unilaterally use the product in Arizona, do not show that defendant's actions were "purposefully directed" to residents of Arizona. Id.

We conclude, therefore, that we lack personal jurisdiction over defendant and that this action should be dismissed. As a result, we need not address defendant's other arguments.

### III

Accordingly, **IT IS ORDERED GRANTING** defendant's motion to dismiss (doc. 21).

DATED this 28th day of August, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge